UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

JOSE DELGADILLO,

          Petitioner,

    v.

THOMAS POOLE, ACTING SUPERINTENDENT,
FIVE POINTS CORRECTIONAL FACILITY,

          Respondent.

───────────────────────────────

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

06 Civ. 0794 (SCR) (PED)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

**STEPHEN C. ROBINSON, UNITED STATES DISTRICT JUDGE.**

    Petitioner Jose Delgadillo, proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking an order vacating the judgment of conviction entered on August 1, 2002 in the Supreme Court of the State of New York, County of Westchester (Molea, J.). Delgadillo was convicted of a single count of kidnapping in the second degree; two counts of robbery in the first degree; three counts of robbery in the second degree; a single count of criminal use of a firearm in the first degree; a single count of attempted rape in the first degree; two counts of attempted robbery in the first degree; and a single count of criminal use of a firearm in the second degree.

    On December 27, 2004, the Appellate Division of the Supreme Court of the State of New York affirmed the judgment of conviction. On May 6, 2005, the State of New York Court of Appeals denied leave to appeal the conviction. Petitioner now seeks to vacate the judgment of conviction on the grounds of: (a) insufficient evidence to support his conviction; (b) improper "bolstering" of identification testimony; and (c) ineffective assistance of counsel.

06 Civ. 0794 (SCR) (PED)

This matter was referred to United States Magistrate Judge Paul E. Davison, who issued a Report and Recommendation on March 31, 2009, concluding that Delgadillo's petition should be denied in its entirety. Petitioner filed a response to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), on August 5, 2009. The Government has not filed a response.

For the reasons set forth in this Memorandum Order, this Court adopts the Report and Recommendation and accordingly denies the petition in its entirety.

## I. BACKGROUND

Knowledge of the facts and procedural history, as described in Part II of Judge Davison's Report and Recommendation, is assumed for purposes of this order.

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp 815, 817 (S.D.N.Y. 1991) (noting that a court may accept an unobjected-to report if it is "not facially erroneous").

A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. 636(b)(1);

2

06 Civ. 0794 (SCR) (PED)

*see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). However, "[t]o the extent . . . that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (collecting cases).

This standard of review must be applied while remaining cognizant of the Court's obligation to construe a *pro se* litigant's submissions liberally so that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

Delgadillo's response to the Report and Recommendation focuses on the weaknesses in our current system of incarceration and his personal efforts at rehabilitation. While the Court credits Delgadillo's positive choices and efforts to improve his life following his conviction, it finds that his response raises no specific objections to Magistrate Judge Davison's application of the law in this case. Accordingly, this Court will only review the Report and Recommendation before it for clear error.

06 Civ. 0794 (SCR) (PED)

### III. DISCUSSION

This Court has reviewed Magistrate Judge Davison's comprehensive and well-reasoned Report and Recommendation and has determined that there is no clear legal error on the face of the record. Accordingly, the Court adopts the Report and Recommendation in its entirety and denies Delgadillo's petition.

### IV. CONCLUSION

The Report and Recommendation of Magistrate Judge Davison is adopted in its entirety and the instant petition for a writ of habeas corpus is denied. Furthermore, this Court finds that Delgadillo has not "made a substantial showing of the denial of a constitutional right," and therefore does not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). This Court further certifies pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

*It is so ordered.*

Dated: June 16, 2010

White Plains, New York

Stephen C. Robinson
United States District Judge

4